# Pierce *v.* Court of County Commissioners of Elmore County.

### Application for Mandamus.

1. *Fine and forfeiture fund; constitutionality of statute regulating same.*—The act approved January 30, 1897, (Acts of 1896-97, p. 471), providing for the regulation of the fine and forfeiture fund of Elmore county and for the payment of claims against such fund by appropriation thereto from the general fund, is unconstitutional and void as violative of Article IV, section 2 of the Constitution, providing that each law shall contain but one subject, which shall be clearly expressed in its title; since the fine and forfeiture fund and the claims against it are wholly distinct from the general fund of the county.

APPEAL from the Circuit Court of Elmore.

Tried before the Hon. N. D. DENSON.

J. J. Pierce being the owner and holder of valid registered claims against the fine and forfeiture fund of Elmore county, applied to the treasurer of said county for payment. This application was made, in all respects, in accordance with the provisions of the act of the Gen-

eral Assembly of Alabama, approved January 30, 1897—
Acts, 1896–97, p. 471. ·The treasurer of the county re-
fused payment upon the ground that the county commis-
sioners had not made the appropriation provided for by
said act, and upon the further ground that he had no
funds in his hands subject to the payment of the claims
against the fine and forfeiture fund. Thereupon Pierce
applied to the court of county commissioners to make
the appropriation from the general fund of the county to
the fine and forfeiture fund, in accordance with the act
of the General Assembly, approved January 30, 1897.
(Acts, 1896–97, p. 471). The court of county commis-
sioners refused to make said appropriation, upon the
ground that said act was unconstitutional and void.
Thereupon Pierce filed his petition before the circuit
court judge of the Fifth Judicial Circuit, praying that a
writ of *mandamus* be awarded to compel the commis-
sioners court of said county to make the appropriation
provided for by· said act. This petition was demurred
to, upon the ground that the act was unconstitutional,
the principal ground of demurrer being that it violated
section 2 of Article IV of the constitution, which de-
clares that each law shall contain but one subject, which
shall be clearly expressed in its title. This demurrer
was sustained, and the petitioner declining to plead fur-
ther, the application was dismissed. From this judg-
ment the petitioner appeals, and assigns as error the
sustaining of the demurrer to the petition.

FRANK W. LULL, ROBERT S. TEAGUE and MASSEY
WILSON, for appellant.—The legislature did not appro-
priate any money out of either the county or state
treasury, but authorized and required the court of county
commissioners to appropriate funds out of one fund of
the county and into another and different fund. The
power of the legislative branch of the government to
control the fine and forfeiture funds of the various
counties has been upheld often by the court.—*Herr v.
Seymour*, 76 Ala. 270 : *Sessions v. Boykin*, 78 Ala. 328 ;
*Brown v. Parris*, 93 Ala. 314 ; *Harold v. Herrington*, 95
Ala. 395.

J. M. FITRPATRICK, *contra*, cited *Brown v. Parris*, 93
Ala. 314 ; *Harold v. Herrington*, 95 Ala. 395 ; *Ballentyne
v. Wickersham*, 75 Ala. 533.

[Street, Executor, v. Duncan.]

COLEMAN, J.—In the case of *Sanders v. The Court of County Commissioners, ante, p.* 543, we held that the act of February 28th, 1895, (Acts of 1894–95, p. 731), was unconstitutional and void as contravening section 2, Art. IV of the constitution. It follows as an obvious consequence from that decision, that the act of 1896-97, p. 471, under which the present proceedings were instituted, is also unconstitutional and void, as contravening that part of the same section of the constitution, which declares that "each law shall contain but one subject, which shall be clearly expressed in its title." As was held in the opinion in that case, under existing statutes the fine and forfeiture fund and claims against it are subjects wholly separate and distinct from the general fund of a county, and that "no reasonable construction of the title of an act to regulate the fine and forfeiture fund would admit of the conclusion, that such a title contemplated an appropriation of the general funds of a county," etc. Upon the authority of that case, the present case must be affirmed.

Affirmed.